```
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                    **//   CRIMINAL ACTION NO. 1:08CR77**
                                       **(Judge Keeley)**

**DARRIC JOEL SWEENEY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION

Before this Court is the defendant Darric Joel Sweeney's ("Sweeney") motion to suppress all evidence obtained as a result of a search on February 2, 2008. For the reasons that follow, the Court **ADOPTS** the R&R in its entirety and **DENIES** the motion to suppress (dkt. no. 25).

### I. Procedural History

On October 22, 2008, Sweeney filed a motion to suppress all evidence in this case obtained during a search of his home at 316 Pearl Street, Grafton, West Virginia on February 2, 2008. After this Court referred the motion to United States Magistrate Judge John S. Kaull, the Magistrate Judge held an evidentiary hearing on November 4, 2008. On November 10, 2008, he issued a Report and

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

Recommendation/Opinion Denying Motion to Suppress ("R&R") recommending that the Court deny the motion.

On November 24, 2008, Sweeney filed his objections to the R&R and moved the Court for additional time to file objections. It granted his motion on November 26, 2008, and gave Sweeney until December 8, 2008 to file any additional objections. Nevertheless, Sweeney never filed additional objections. The matter is now fully briefed and ripe for consideration.

## II.  Statement of the Law

Pursuant to 28 U.S.C. § 636(b)(1), a district court reviews de novo any part of an R&R to which a party objects, but it may adopt any portion of an R&R to which no party objects without substantive review.[1]

In reviewing the issuance of a search warrant, the Court must determine if the issuing judge had a "substantial basis" for finding that probable cause existed. United States v. Lalor, 996 F.2d 1578, 1581 (1993). The reviewing court must give "great deference" to a determination that probable cause existed, and

---

[1] A party's failure to object to a portion of the R&R not only waives their appellate rights on that issue, but also relieves the Court of any objligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-00 (4th Cir. 1997).

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION**

"will not invalidate a warrant 'by interpreting [an] affidavi[t] in a hypertechnical, rather than a commonsense, manner.'" Id.(quoting Illinois v. Gates, 462 U.S. 213, 236 (1983)). "When reviewing the probable cause supporting a warrant, a reviewing court must consider only the information presented to the magistrate who issued the warrant." United Sates v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996).

Evidence obtained from a search pursuant to a warrant need not be excluded if the executing officers' reliance on the warrant was objectively reasonable. United States v. Leon, 468 U.S. 897, 914-15, 922 (1984). The proper test to determine whether the officers' reliance was "objectively reasonable" is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Id. at 922 n.23. An officer's reliance is not reasonable if (1) the affidavit supporting probable cause contained information that misled the magistrate and which the officer knew was false or would have known was false except for his reckless disregard; (2) the magistrate failed to be "neutral and detached" and merely rubber-stamped the police request; (3) the affidavit did not "provide the magistrate with a substantial basis for determining the existence of probable

cause"; or (4) where the warrant is so facially deficient "that the executing officers cannot reasonably presume it to be valid." Id. at 923.

### III.  Sweeney's Objections to the R&R

Sweeney makes three objections to the R&R.  First, he contends that there was not a sufficient indicia of reliability in the affidavit submitted to the state circuit judge to support a finding of probable cause.  Second, he objects to the exclusion of the testimony of Melissa Arbogast during the evidentiary hearing. Finally, he argues that the good faith exception does not apply because the officers' reliance on the warrant was not objectively reasonable.

### IV.  Analysis

The Fourth Amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause, supported by Oath or affirmation."  Based on the testimony at the evidentiary hearing, Magistrate Judge Kaull concluded that the circuit judge had reviewed both the affidavit of Officer Mayle and a written statement by Arbogast prior to finding probable cause. The evidence further indicated, however, that Judge Moats did not place Officer Mayle under oath until just before he swore to and

signed his affidavit. Moreover, there was no evidence that anyone swore to Arbogast's statements. The Magistrate Judge found, therefore, that the affidavit of Officer Mayle is the totality of the evidence the Court can review in evaluating the sworn evidence presented to Judge Moats in issuing the search warrant.[2]

**A.   Probable Cause**

Sweeney argues that the affidavit does not support a finding of probable cause because it is based entirely on hearsay and does not contain a sufficient indicia of reliability. An affidavit can be based on hearsay as long as there is a substantial basis for crediting the hearsay. United States v. Ventresca, 380 U.S. 102, 108 (1965). Moreover, there is no requirement that officers corroborate statements through further investigation in order for the statements to be considered credible. See United States v. DeQuasie, 373 F.3d 509, 519 (4th Cir. 2004).

The question before this court, however, is whether the state court had a substantial basis for issuing the warrant "given all the circumstances set forth in the affidavit before him, including

---

[2] Sweeney does not object to this standard of review. See Defendant's Objections, p.1, fn. 1 (dkt. no. 40). The affidavit of Officer Mayle is attached to the Sweeney's Motion to Suppress as Exhibit 2 (dkt. no. 25).

"veracity" and "basis of knowledge" of persons supplying hearsay information, [that] there [was] a fair probability that contraband or evidence of a crime [would] be found in a particular place." Gates, 462 U.S. at 238-39. Arbogast's veracity (or reliability) and her basis of knowledge are instrumental, but not dispositive, of that question. Id. at 230. Moreover, this Court gives great deference to the finding by the circuit judge that probable cause existed.

The parties agree that the affidavit itself does not expressly attest to the credibility or reliability of Arbogast's statements. It does, however, reflect that she admitted to criminal conduct. Under United States v. Harris, this type of self-incrimination provides credibility to her statements: "Admissions of crime, like admissions against proprietary interests, carry their own indicia of credibility–sufficient at least to support a finding of probable cause to search." 403 U.S. 573, 583 (1971). Moreover, even if Arbogast had been offered a deal that the police would not prosecute her for her involvement in the crimes she admitted to, it "does not eliminate the residual risk and opprobrium of having admitted criminal conduct." Id. at 583-84. Hence, the circuit

judge could have concluded from the admissions in the affidavit that her statements were credible.

The circuit judge could also have concluded from her statements that her basis of knowledge stemmed from first-hand encounters. "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others." Gates, 462 U.S. at 239. The affidavit in this case provides substantial detail about both the criminal activity and the basis for the informant's knowledge. The affidavit reported that Arbogast had dated Sweeney for a year and a half and had lived with him for about a month and a half. It stated that she found several videos on Sweeney's computer that involved children from three years old to early teens engaged in various sexual acts with other children or adults. It also relates that the informant came to know about the activity through her personal involvement with Sweeney over a number of occasions.

Sweeney argues that the affidavit does not state whether Arbogast had previously provided trustworthy information, that the police never corroborated whether she was, in fact, "Melissa Arbogast" and that Arbogast may have believed that she was not

guilty of any criminal conduct when speaking with them. Based on a totality of the circumstances, however, the Court finds that the information in the affidavit provides a sufficient basis for the finding of probable cause.

The affidavit presented more than substantial evidence that there was a fair probability that contraband would be found and that the informant's statements were based on personal knowledge. Although there is no statement as to the informant's reliability, Judge Moats could have concluded from her self-incriminating statements alone that it was credible information. In addition, Judge Moats could have concluded that her statements were credible and reliable based on the fact that the affidavit states that she came forward with this information after Sweeney inquired about her own children. See United States v. Perez, 393 F.3d 457 (4th Cir. 2004)(finding that statements reflecting a personal concern for an affected person's well-being is an indication of credibility). Hence, giving great deference to the state court's findings, this Court finds that there is a substantial basis in the affidavit for a conclusion that probable cause existed to issue a search warrant in this case.

USA V. DERRIC JOEL SWEENEY                                      1:08CR77

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

**B.   Good Faith Exception Under Leon**

In the alternative, even if this Court found that probable cause did not exist to support the warrant, the evidence would not be suppressed if the officers' reliance on the warrant was "objectively reasonable" such that the Leon good faith exception would apply.

The purpose of the exclusionary rule is to deter police misconduct, and evidence obtained under an invalidated warrant will not be suppressed unless it can be shown that the officer's reliance on the warrant was not "objectively reasonable." United States v. Leon, 468 U.S. 897, 916, 922 (1984).  In this case, the officers' reliance on the warrant would not be "objectively reasonable" if either (1) Judge Moats was mislead by information in the affidavit that Officer Mayle knew was false or would have known except for his reckless disregard, or (2) the warrant lacked an indicia of probable cause. See United States v. Hyppolite, 65 F.3d 1151, 1156 (4th Cir. 1995).

First, Sweeney argues that the officers intentionally omitted details about Arbogast that amounted to material omissions which the officers knew made the affidavit less than completely truthful. Under Leon, the magistrate must have been misled by information the

affiant either knew was false, or would have known was false had he not been reckless with the truth.  Here, Sweeney only argues that material was omitted.  Specifically, he argues that the officers did not include that they surmised that Arbogast was a drug addict and that Arbogast admitted to them that she lied to Sweeney about her interest in child pornography and why she wished to break up with him.

In United States v. Lalor, the Fourth Circuit held that even if a warrant is invalidated due to a lack of probable cause, evidence "will be suppressed only if 'the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.'"  996 F.2d 1578, 1583 (4th Cir. 1993)(citation omitted). Here, there is no indication that the officers were either dishonest or reckless in this matter.  In fact, after drafting the affidavit, they consulted with the Taylor County Prosecutor before going to Judge Moats.  This is evidence of the officers' good faith in obtaining the warrant.  United States v. Bynum, 293 F.3d 192, 198 (4th Cir. 2002).  Moreover, there is no evidence or allegation that the officers acted in a dishonest way in this matter.  In fact, at the evidentiary hearing, the government proffered that the

officers had no knowledge of Arbogast's criminal past at the time they prepared the affidavit.

### i.  Testimony of Arbogast

Sweeney argues that the testimony of Arbogast may be relevant to this inquiry. At the evidentiary hearing, Sweeney attempted to call Arbogast to testify. Sweeney proffered that Arbogast would testify to the fact that she was a drug addict, suffered from mental illness, had falsely implicated Sweeney in the past, and had lied to the police about breaking up with Sweeney. Based on the fact that neither officer had any knowledge of Arbogast's history and that no such information was presented to Judge Moats, the Magistrate Judge concluded her testimony was neither relevant nor probative of the issues in this case and did not allow her to testify.

Sweeney now argues that her testimony is relevant to whether the good faith exception can be applied in this case. He asserts that the Court cannot reach the conclusion that her testimony is irrelevant until and unless she testifies as to what she told the officers about her history.

If Sweeney proffers this testimony to argue that Arbogast did, in fact, tell the officers the proffered information and that they

intentionally omitted the information in order to mislead Judge Moats, this Court agrees with the Magistrate Judge that it would possibly form the basis for a <u>Franks</u> hearing. Sweeney, however, did not request a <u>Franks</u> hearing and to the extent his alternative request in his objections for an opportunity to develop the testimony of Arbogast is meant to be such a request, the Court denies his request.

"In order even to obtain an evidentiary hearing on the affidavit's integrity, a defendant must first make 'a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" <u>United States v. Colkley</u>, 899 F.2d 297, 300 (4th Cir. 1990)(citation omitted). Reckless intent cannot be inferred from mere omissions. <u>Id.</u> at 301. Moreover, in order for an omission to support a <u>Franks</u> hearing, "it must be such that its inclusion in the affidavit would defeat probable cause . . . ." <u>Id.</u>

Sweeney has made no showing that the officers had the requisite intent to mislead the circuit court. The information allegedly omitted went to the credibility or reliability of Arbogast's statements and would not necessarily defeat probable

12

cause. Moreover, even if Arbogast had provided the officers with exculpatory information about Sweeney, they would not have been required to include that information in the affidavit unless such information was critical and omitted with the intent of misleading the circuit judge issuing the warrant. Id. at 303. The inclusion of Arbogast's testimony about her past medical and criminal history, her other history with Sweeney, and the fact that she lied to him, do not rise to the level that they would necessarily defeat probable cause or that the officers had the requisite intent to mislead the circuit judge.

For the reasons stated above and those that follow, the circuit judge could have concluded that Arbogast's statements were credible and reliable and would not be defeated by this proffered information. The Court, therefore, agrees with the Magistrate Judge's exclusion of testimony from Arbogast at the evidentiary hearing, because it is irrelevant to the inquiry of the sufficiency of the affidavit as well as to the question of whether the officers' reliance on her statements were objectively reasonable. Moreover, it finds that the proffered evidence provides no indication that the officers in this case had the requisite intent

to mislead the circuit judge and, therefore, there is no basis for a Franks hearing.

**C.   Reliance on Affidavit Objectively Reasonable**

Finally, Sweeney argues that the affidavit lacked any indicia of probable cause which would make reliance on it entirely unreasonable because it is based on hearsay and completely uncorroborated by further investigation. Moreover, Sweeney argues that Arbogast's own statements regarding their strained relationship, her own willing criminal involvement in the possession and viewing of child pornography, and her delay in reporting the crime undercut her credibility and indicate that she might falsely implicate him.

In looking at whether the officers's reliance on the affidavit was reasonable, the Court looks at the totality of the information presented to the circuit court which, in this case, is limited to the affidavit. See United States v. Perez, 393 F.3d 457 (4th Cir. 2004). In Perez, the Court applied the totality of the information presented test, which include a statement from a known informant. The Court noted that the face-to-face meeting between the informant and the officer provided the officer with a chance to assess the informant's demeanor and credibility. Id. at 462. The statement

14

also indicated that the informant's information was based on personal observations. <u>Id.</u> Furthermore, the statement reflected a personal concern for someone affected by the illegal activity. <u>Id.</u> All of these factors, the Court concluded, supported the officer's reasonable conclusion that the informant was credible. <u>Id.</u> at 462-63.

Similarly, in this case Arbogast is a known informant who contacted the police and provided her name to them. The affidavit also conveys that the officers met face-to-face with her at her residence. Furthermore, the affidavit clearly portrays that her information about Sweeney was based on personal observation. Finally, the affidavit states that she decided to come forward with this information after Sweeney asked her if she had ever performed sexually related acts on her own children. This concern for her children could have been another indicator of her credibility.

Thus, the Court finds that, based on a totality of the information in the affidavit presented to the circuit court judge, the officers' reliance on it was objectively reasonable. Hence, even if probable cause did not exist to support the warrant, the evidence seized during the search of Sweeney's residence on

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION**

February 2, 2008, is admissible based on the Leon good faith exception.

### V.  Conclusion

After conducting a de novo review, the Court finds that, based on the totality of the circumstances, there was a substantial basis for the circuit court judge to find that probable cause existed. Moreover, given the totality of the circumstances, even if probable cause did not exist to support the warrant, the Leon good faith exception applies because the officers' reliance on the warrant was objectively reasonable. It therefore **OVERRULES** Sweeney's objections, **ADOPTS** the R&R in its entirety, and **DENIES** the motion to suppress (dkt. no. 25).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: February 20, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE